PER CURIAM.
Aquaria Kelly, an Aid to Families with Dependent Children Program (AFDC) benefits recipient, appeals from an order dismissing as untimely her appeal from an order of recoupment. For the following reasons, we reverse.
On May 30, 2002, Kelly was sent a Notice of Case Action informing her that the Department of Children and Family Services (Department) was seeking recoupment of $627 in AFDC benefits because she failed to report her change of address. The notice provides that Kelly could ask for a hearing before a state hearings offi *942 cer ■within thirty days from the mailing of the notice, either in writing or by calling.
On June 7, 2002, Kelly sent a letter to the Department explaining that she had an increase in benefits because she had a baby in August of 2000, and that she had been in and out of homeless shelters. She stated that she had notified the Department of her changes of address, and that “If necessary I can prove the hotel where I stayed and address where I stayed because my daughters had to go to school from this address ...” She did not then specifically request a hearing.
On November 2, 2001, Kelly requested a hearing. On November 26, 2001, an administrative hearing was convened, but the hearing officer determined that Kelly had failed to timely request an administrative hearing, and dismissed the appeal.
We reverse the dismissal. Kelly’s letter of June 7, 2002, was sufficient to apprise the Department that she wished to be heard, despite the absence of the words “request” or “hearing”. As the only prescribed procedure for contesting a recoupment is by way of a request for hearing, see Florida Administrative Code Rule 65-2.068, the Department should have treated her letter of June 7, 2002 — in which Kelly clearly contests the recoupment and offers to disprove the charge — as a timely request for hearing. Accordingly, we reverse and remand with directions to afford Kelly a hearing.
REVERSED AND REMANDED.